IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL MOATES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00526-O-BP** |
| | § | |
| **JEREMY RANDALL HOLT,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER TRANSFERRING CASE

Before the Court is Plaintiff Michael Moates' Complaint, filed on June 16, 2022. ECF

No. 1. This case was automatically referred to the undersigned under Special Order 3. ECF No. 4.

An order transferring venue is non-dispositive and may be entered by a magistrate judge

in this Court. Miscellaneous Order No. 6. Venue in a civil action such as this one is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court may transfer any civil action to a more convenient forum where it

could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of

justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it

may transfer a case filed in the wrong district or division "to any district or division in which it

could have been brought." § 1406(a). A district court may raise the issue of venue *sua sponte*. *See*

*Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II,*

*Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Here, Moates sues Jeremy Holt and Independence Behavior Solutions, which are both in Richmond Hill, Georgia, and the complained-of conduct arises from Moates' interaction and correspondence with Holt in Georgia. ECF No. 1 at 1-14. The events giving rise to the suit allegedly occurred in Richmond Hill, Georgia. *Id*. Richmond Hill is in Bryan County, which lies within the Savannah Division of the United States District Court for the Southern District of Georgia. 28 U.S.C. § 90(c)(3).

In his Complaint, Moates lists his address as located in Denton, Texas. ECF No. 1 at 2, 4, 14. Likewise, the UPS envelope Plaintiff used to deliver the Complaint to the Clerk of Court shows a Denton, Texas return address. *Id.* at 28. Denton is the county seat of Denton County, Texas, which is in the United States District Court for the Eastern District of Texas, Sherman Division. 28 U.S.C. § 124(c)(3). Thus, Plaintiff does not reside in the Fort Worth Division of the Northern District of Texas, and he has not alleged that any events giving rise to his claims occurred here.

Because the events giving rise to this case occurred in Georgia and Defendants reside there, venue is properly laid in the United States District Court for the Southern District of Georgia, Savannah Division. *Id.* § 1391(b)(1)-(2).

It is therefore **ORDERED** that, for the convenience of the parties and witnesses, and in the interest of justice, this action is hereby transferred to the United States District Court for the Southern District of Georgia, Savannah Division under 28 U.S.C. § 1404(a).

It is so **ORDERED** on June 22, 2022.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2